1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MASON, | CASE NO. 09-CV-1551-JM (JMA) |
| Petitioner, | **ORDER GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY** |
| v. | |
| JAMES WALKER, Warden, | Doc. No. 13 |
| Respondent. | |

On October 5, 2010, this court issued an order denying the above-entitled petition for writ of habeas corpus with prejudice. (Doc. No. 10.) Petitioner now requests a certificate of appealability in order to appeal the court's ruling. (Doc. No. 13.)

## I. BACKGROUND[1]

On September 21, 2005, Petitioner Robert Mason was convicted by a jury of committing battery resulting in serious bodily injury in violation of CAL. PENAL CODE § 243(d). He was sentenced under the state's "Three Strikes Law" to an indeterminate term of twenty-five years to life, with two five-year enhancements added based on two prior serious felony convictions. Petitioner's sentence was affirmed by the California Court of Appeal, and his petition for review was subsequently denied by the California Supreme Court.

Petitioner went on to file a petition for writ of habeas corpus in state court, which was

_____

[1] All of the relevant background facts are drawn from the Magistrate Judge's Report and Recommendation, Doc. No. 9.

Case 3:09-cv-01551-JM-JMA   Document 18   Filed 01/12/11   PageID.156   Page 2 of 7


1    denied at all levels.

2         On July 15, 2009, Petitioner Robert Mason filed the instant petition for writ of habeas

3    corpus in federal court. Petitioner's filing raised four claims for relief: (1) that the trial court

4    abused its discretion by refusing to strike a prior felony conviction from 1990; (2) that he was

5    denied his right to effective assistance of counsel in entering his plea agreement in that same

6    1990 felony case; (3) that the trial court abused its discretion when it denied his Faretta motion;

7    and (4) that the trial court abused its discretion when it denied his motion for a mistrial based

8    on the revelation of Petitioner's prior incarceration by a trial witness. Of the four claims, only

9    the first two were previously raised by Petitioner in his state habeas petitions.

10        On August 5, 2010, Magistrate Judge Adler issued a Report and Recommendation

11   (hereafter "R&R") in Petitioner's case, recommending that his petition be denied with

12   prejudice. The magistrate judge's conclusion was based on the grounds that the petition was

13   time-barred by the one-year statute of limitations set forth in the Antiterrorism and Effective

14   Death Penalty Act of 1996 (hereafter "AEDPA"). Specifically, in situations such as

15   Petitioner's, AEDPA requires that federal habeas petitions be filed within one year of the date

16   on which direct review of the underlying state conviction was concluded. (28 U.S.C.

17   § 2244(d)(1).) Here, direct review of Petitioner's § 243(d) conviction concluded on

18   June 12, 2007, ninety days after the California Supreme Court denied his petition for review.

19   (See SUP. CT. R. 13(1); Bowen v. Roe, 188 F.3d 1157, 1159-60 (9th Cir. 1999).) Therefore,

20   the AEDPA statute of limitations in Petitioner's case expired on June 12, 2008. Petitioner's

21   federal habeas petition was not filed until June 9, 2009. The magistrate judge further concluded

22   that neither statutory nor equitable tolling was sufficient to justify the delay in filing.

23        After reviewing the magistrate judge's analysis, this court adopted the R&R in full and

24   dismissed the petition for writ of habeas corpus with prejudice. Petitioner now seeks to appeal

25   the court's decision, and requests that the court issue a certificate of appealability ("COA") in

26   his case. (Doc. No. 13.)

27   **II.    LEGAL STANDARD**

28        Under AEDPA, an appeal from a final order in a habeas corpus proceeding may not be

1  taken"[u]nless a circuit justice or judge issues a certificate of appealability." (28 U.S.C.

2  § 2253(c)(1).) However, such a certificate may only issue "if the applicant has made a

3  substantial showing of the denial of a constitutional right." (28 U.S.C. § 2253(c)(2).)

4       The "substantial showing" requirement imports essentially the same standard as that

5  announced by the Supreme Court in Barefoot v. Estelle, 463 U.S. 880 (1983) for the issuance

6  of certificates of probable cause. (Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).)

7  In order to satisfy this "modest standard," "the petitioner 'must demonstrate that the issues are

8  debatable among jurists of reason; that a court could resolve the issues [in a different manner];

9  *or* that the questions are adequate to deserve encouragement to proceed further.'" (Id. at 1024-

10  25 (quoting Barefoot, 463 U.S. at 893 n.4) (emphasis in original).)

11       However, "[t]he issue . . . 'becomes somewhat more complicated where . . . the district

12  court dismisses the petition based on procedural grounds.'" (Id. at 1026 (quoting Slack v.

13  McDaniel, 529 U.S. 473, 484 (2000)).)

14       In those situations, the court must engage in a two-part Barefoot inquiry. First, the court must decide whether "jurists of reason would find it debatable whether
15  the petition states a valid claim of the denial of a constitutional right." Second, the court must decide whether "jurists of reason would find it debatable whether
16  the district court was correct in its procedural ruling."

17  (Id. (quoting Slack, 529 U.S. at 484).) If both these requirements are met, then a right to appeal

18  should be granted and a COA must issue.

19  **III.    DISCUSSION**

20
21       **A.    Whether Jurists of Reason Would Find It Debatable Whether the Petition States a Valid Claim of the Denial of a Constitutional Right**

22       The first part of the two-part inquiry described above requires the court to examine the

23  alleged constitutional deprivations underlying the petition. However, in determining whether

24  Petitioner has stated a valid (or debatably valid) constitutional claim, the court is limited by

25  a lack of evidence on the record before it. At the time the R&R was adopted, Petitioner had

26  made no substantive filings beyond his initial petition, and no evidentiary hearings were

27  conducted in the matter. The Ninth Circuit has held that, in such cases, the court should

28  "simply take a 'quick look' at the face of the complaint to determine whether the petitioner has

1    'facially allege[d] the denial of a constitutional right.'" (Id. (quoting Jefferson v. Wellborn, 222

2    F.3d 286, 289 (7th Cir. 2000) (alterations in original).) In making this assessment, all of

3    Petitioner's factual allegations are assumed to be true, and all reasonable inferences drawn in

4    his favor. (Id. at 1026 n.5.)

5           Petitioner alleges four separate constitutional violations in his petition: First, he claims

6    that the state trial court abused its discretion in denying his motion to strike a prior felony

7    conviction under People v. Superior Court (Romero), 13 Cal. 4th 497 (1996). (Doc. No. 1 p.7.)

8    According to Petitioner, the trial court demonstrated an unfair bias against Petitioner based on

9    its perception that Petitioner had a history of violence with women, thereby depriving

10   Petitioner of his right to due process. (Id.) Second, Petitioner alleges he was denied his right

11   to effective assistance of counsel under the Sixth Amendment in that same prior felony case,

12   when his attorney failed to investigate evidence of Petitioner's innocence and did not inform

13   Petitioner that a guilty plea in that case could be counted as a strike against him under

14   California's "Three Strikes" law.(Id. at p.8; see also CAL. PENAL CODE § 667.) Third,

15   Petitioner claims he was denied his Sixth Amendment  right to self-representation under

16   Faretta v. California, 422 U.S. 806 (1975), when the trial court denied his motion as untimely

17   without sufficiently inquiring into when Petitioner had made his request. (Doc. No. 1 pp. 7, 9.)

18   Finally, Petitioner claims that the trial court abused its discretion by denying his motion for a

19   mistrial based on a trial witness's revelation of Petitioner's prior incarceration. (Id. at pp. 8-9.)

20   Petitioner argues that permitting the trial to go forward even after the jury had heard this

21   testimony in violation of a previous evidentiary ruling deprived him of his Fourteenth

22   Amendment rights. (Id.)

23          On their face, all four of Petitioner's allegations state valid claims for constitutional

24   deprivations. Constitutional due process generally guarantees criminal defendants "[a] fair trial

25   in a fair tribunal."(In re Murchison, 349 U.S. 133, 136 (1955).) Thus, the right to due process

26   may be violated both by the presence of judicial bias (id.) as well as by improperly introduced

27   evidence or statements at trial (Darden v. Wainwright, 477 U.S. 168, 179 (1986)). In addition,

28   the Sixth Amendment's right to counsel has been interpreted to include both a right to the

1   effective assistance of counsel during the plea process (Hill v. Lockhart, 474 U.S. 52, 57

2   (1985)) and the right to self-representation (Faretta, supra, 422 U.S. at 821.) Thus, all four of

3   Petitioner's claims satisfy the first part of the Lambright test.

4
5       **B.      Whether Jurists of Reason Would Find It Debatable Whether the District
                  Court was Correct in Its Procedural Ruling**

6       The court must next determine whether the correctness of its procedural ruling—here,

7   that Petitioner's claims were time-barred by AEDPA's statute of limitations—is reasonably

8   debatable. It is undeniable that the instant petition was filed more than one year after

9   Petitioner's conviction became final: The California Supreme Court denied a petition for direct

10  review of Petitioner's underlying conviction on March 14, 2007. However, a state court

11  criminal judgment is only considered "final" upon expiration of the ninety-day period in which

12  a defendant can file a petition for writ of certiorari from the United States Supreme Court.

13  (Bowen v. Roe, supra, 188 F.3d at 1159-60.) Thus, for AEDPA's purposes, the statute of

14  limitations on Petitioner's case began to run on June 12, 2007. The instant petition was filed

15  in federal court on June 9, 2009, almost two years later. Therefore, whether the court's

16  procedural ruling is debatably correct depends upon an examination of whether statutory or

17  equitable tolling could have applied to excuse Petitioner's delay in filing.

18      **1.      Statutory tolling**

19      AEDPA specifically permits tolling of its one-year limitations period during the time

20  in which "a properly filed application for State post-conviction or other collateral review . . .

21  is pending." (28 U.S.C. § 2244(d)(2).) However, this statutory tolling period applies, if at all,

22  to Petitioner's first and second claims only, which were the only claims raised by petitioner

23  in his state habeas petition.

24      Here, Petitioner first filed his state habeas petition with the Superior Court of California,

25  County of San Diego, on August 27, 2007, 76 days after the expiration of his AEDPA

26  limitations period. The Superior Court denied the petition on November 1, 2007, and Petitioner

27  filed a new petition 356 days later in the California Court of Appeal on October 22, 2008.

28  After the Court of Appeal also denied his petition on November 20, 2008, Petitioner filed

1   another petition with the California Supreme Court 8 days later on November 28, 2008. The

2   California Supreme Court denied that petition on June 10, 2009.[2]

3        The Ninth Circuit has interpreted a state post-conviction application to be "pending"

4   within the meaning of AEDPA "during the period between (1) a lower court's adverse

5   determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the

6   notice of appeal is timely under state law." (Waldrip v. Hall, 548 F.3d 729, 734 (9th Cir. 2008)

7   (emphasis in original).) In California, subsequent petitions to higher courts seeking review of

8   an adverse lower court decision are considered "timely" when "filed within a 'reasonable

9   time.'" (Evans v. Chavis, 546 U.S. 189, 192-93 (2006) (quoting Carey v. Saffold, 536 U.S.

10  214, 221 (2002)).) What constitutes a "reasonable time" in which to file for appellate review

11  is to be determined, in the first instance, by the state courts themselves. (Banjo v. Ayers, 614

12  F.3d 964, 968 (9th Cir. 2010).) However, where the state courts are silent as to the issue of

13  timeliness, the federal court "must itself examine the delay in each case and determine what

14  the state courts would have held." (Chavis, supra, 546 U.S. at 197.)

15       In this case, the magistrate judge concluded, and this court agreed, that the 356-day

16  delay between the Superior Court's denial of Petitioner's state habeas petition and the re-filing

17  of the petition with the Court of Appeal was unreasonable. The magistrate judge's

18  recommendation was based on various Supreme Court and Ninth Circuit cases, which found

19  that AEDPA statutory tolling was not justified in other cases for delays of similar or shorter

20  length. However, the question of what is a "reasonable" time for delay is one that necessarily

21  lends itself to debate amongst "jurists of reason." Therefore, the correctness of this court's

22  procedural ruling to dismiss the instant petition is debatable within the meaning of Barefoot,

23  and Petitioner should be permitted an opportunity to appeal the court's determination with

24  regard to his first and second claims.

25       **2.    Equitable tolling**

26

27       [2] Under the California system, a prisoner seeking collateral review of his conviction
    in state court appeals a lower court's adverse determination by filing an original petition for
28  habeas corpus with the appellate court. (See Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir.
    2010).)

1    "[E]quitable tolling of AEDPA's one-year statute of limitations is available in [the

2    Ninth Circuit], but only when 'extraordinary circumstances beyond a prisoner's control make

3    it impossible to file on time.'" (Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th

4    Cir. 2005) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)).) A prisoner arguing

5    for equitable tolling "bears the burden of showing that [it] is appropriate" in his case. (Id.

6    (quoting Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005)) (internal quotation marks

7    omitted).) Here, as the magistrate judge correctly points out, Petitioner has neither argued that

8    equitable tolling should apply nor made any showing that his situation meets equitable tolling's

9    strict requirements. Therefore, there can be no debate as to the court's determination that

10   equitable tolling is inapplicable to Petitioner's case.

11   **IV.    CONCLUSION**

12        Petitioner seeks to appeal this court's dismissal of his petition for writ of habeas corpus,

13   which was founded on four separate and distinct claims. "Jurists of reason" could debate the

14   correctness of this court's decision to deny statutory tolling on the first and second claims;

15   however, it is incontrovertible that neither statutory nor equitable tolling applies to Petitioner's

16   third and fourth claims. Therefore, the court hereby GRANTS IN PART and DENIES IN

17   PART Petitioner's request. A certificate of appealability is granted as to Petitioner's first

18   claim—regarding the trial court's denial of his Romero motion—and second claim—regarding

19   denial of his Sixth Amendment right to effective assistance of counsel during the plea

20   proceedings in his prior 1990 felony case. The request is otherwise denied as to Petitioner's

21   third and fourth claims.

22        **IT IS SO ORDERED.**

23   DATED:  January 12, 2011

24                                                        _____

25                                                        Hon. Jeffrey T. Miller
                                                          United States District Judge

26

27

28